UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TGINN JETS, LLC, J.R. SLAVIK &
ASSOCIATES II, and LOCKWOOD
FAMILY INVESTMENT LP,

No. 19-10105

Hon. Nancy G. Edmunds

    Plaintiffs,

v.

CULLAN MEATHE, and
HAMPTON RIDGE PROPERTIES, LLC,

    Defendants.
_____/

**ORDER SETTING EVIDENTIARY HEARING ON JURISDICTIONAL MATTERS**

Plaintiffs filed their complaint in the Oakland County Circuit Court based exclusively on Michigan state law, but Defendants removed this matter to this Court based on diversity jurisdiction. On January 15, 2019, the Court issued an order to show cause, ordering both parties to address the allegations of fraudulent joinder set forth by Defendants in their Notice of Removal. (Dkt. 2.) The Court also ordered Defendants to properly assert the citizenship of all parties. Defendants filed an answer to the Court's order, and Plaintiffs responded to Defendants. (Dkts. 3, 4.)

Jurisdiction must be established as a threshold matter. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). To establish jurisdiction based on diversity, the amount in controversy must exceed $75,000, and diversity of citizenship must exist. 28 U.S.C. § 1332(a). Complete diversity requires all parties on one side of the controversy to be of diverse citizenship from all parties on the other side. *See Newman-Green, Inc.*

1

v. *Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989). Defendants, as the removing parties, bear the burden of showing that federal jurisdiction exists at the time of removal. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

Defendants initially asserted that Plaintiffs are residents of Michigan and Defendant Meathe is a resident of Florida. (Dkt. 1, Pg ID 2.) They argued that the citizenship of Defendant Hampton Ridge Properties, LLC ("Hampton Ridge"), a Michigan limited liability company, did not defeat diversity because Hampton Ridge was fraudulently joined. However, as noted in the Court's order to show cause, a limited liability company has the citizenship of its members. *See V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010). Defendants now assert that the sole member of Hampton Ridge is co-defendant Meathe, so it too is a citizen of Florida. (*See* dkt. 3, Pg ID 28.) Thus, even if there was no fraudulent joinder and Hampton Ridge is a proper party to this suit, they argue, there is complete diversity in this case. Defendants also reassert their allegations that Hampton Ridge was fraudulently joined in this case. (*Id.* at Pg ID 28-30.) Plaintiffs take the exact opposite position. They argue that Hampton Ridge is a proper party in this suit, but even if was fraudulently joined and should therefore be dismissed from this suit, there is still no diversity in this case. (Dkt. 4.) They dispute that Plaintiffs are only citizens of Michigan.

The Court will first address Defendants' allegations of fraudulent joinder. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432-33 (6th Cir. 2012) (internal quotation marks and citation omitted). The relevant inquiry in determining whether a non-diverse party has been fraudulently joined is whether

2

there is a colorable basis for predicting that the plaintiff may recover against that party. *Id.* When a non-diverse party has been shown to be fraudulently joined, the proper procedure is to dismiss that party from the suit. *Probus v. Charter Commc'ns, LLC*, 234 F. App'x 404, 407 (6th Cir. 2007) (unpublished).

In light of Defendants' assertion that Hampton Ridge has the same citizenship as Defendant Meathe (and Plaintiff does not dispute this point), fraudulent joinder has become a non-issue in this case. Either both Meathe and Hampton Ridge are non-diverse (and remand is appropriate) or they are both diverse (and this case is appropriately before the Court). In either case, whether liability can be imposed on Hampton Ridge in this suit is not determinative of whether the Court has jurisdiction. Thus, there is no need for the Court to resolve the fraudulent joinder issue.

Plaintiffs also argue that if Defendants are citizens of Florida as they claim to be,[1] complete diversity is lacking in this case because some of the plaintiffs are citizens of Florida as well. Plaintiffs first assert that either one or both of the defendants are members of Plaintiff TGINN Jets, LLC ("TGINN"), and thus it too is a citizen of Florida on that basis. (Dkt. 4, Pg ID 41.) This fact alone, if proven, would defeat diversity. However, the only evidence Plaintiffs have provided in support of this assertion is an operating agreement for TGINN allegedly signed by Defendant Meathe. (*See* dkt. 4-5, Pg ID 81.)

---

[1] Plaintiffs question whether Defendants are indeed citizens of Florida. (*See* dkt. 4, Pg ID 40.) Defendants, however, have submitted the sworn affidavit of Defendant Meathe, attesting that he has lived in the state of Florida since 2002 and has no connection to Michigan, other than to visit his mother once a year. (Dkt. 3, Pg ID 32-34.) Plaintiffs have provided no evidence to the contrary.

Plaintiffs also assert that one of Plaintiff Slavik & Associates' members, Joseph Ronald Slavik, is a citizen of Florida. (Dkt. 4, Pg ID 39.) Slavik & Associates, in turn, they assert, is a member of TGINN, so the citizenship of Mr. Slavik impacts both Plaintiffs TGINN and Slavik & Associates. (*Id.* at Pg ID 40.) To prove that Mr. Slavik is a citizen of Florida, and not a citizen of Michigan as Defendants had stated he was, Plaintiffs have provided his sworn affidavit. (Dkt. 4-7.) The affidavit of Mr. Slavik states that he resides in Florida. He has also provided a copy of his current Florida driver's license dated January 18, 2018. However, state citizenship is not based solely on residence. Rather, for purposes of diversity, state citizenship is equated with domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990) (citations omitted). "A person's previous domicile is not lost until a new one is acquired. Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there." *Id.* Mr. Slavik's affidavit implies that he recently moved to Florida and does not indicate whether he intends to remain there. Thus, it is unclear whether he has lost his previous domicile (presumably Michigan) and acquired a new domicile in Florida. Because the Court does not have before it sufficient evidence to establish the citizenship of Plaintiffs, **the Court will convene an evidentiary hearing on April 24, 2019 at 10:00 a.m.** on the issue of whether this Court has diversity jurisdiction over this case.

    SO ORDERED.

                                              s/Nancy G. Edmunds
                                              Nancy G. Edmunds
                                              United States District Judge

Dated: April 11, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 11, 2019, by electronic and/or ordinary mail.

        s/Lisa Bartlett
        Case Manager