UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TGINN JETS, LLC, J.R. SLAVIK &
ASSOCIATES II, and LOCKWOOD
FAMILY INVESTMENT LP,

        Plaintiffs,

v.

CULLAN MEATHE, and
HAMPTON RIDGE PROPERTIES, LLC,

        Defendants.
_____/

No. 19-10105

Hon. Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEY FEES AND COSTS FOR DEFENDANTS' WRONGFUL REMOVAL [10]**

Before the Court is Plaintiffs' motion for attorney fees and costs following a stipulated remand of this case to state court. (Dkt. 10.) Plaintiffs assert they are entitled to the attorney fees and costs incurred as a result of the removal of this suit because Defendants lacked an objectively reasonable basis for seeking removal. Defendants oppose the motion. (Dkts. 12, 13.) The Court finds that the decision process would not be significantly aided by oral argument. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), Plaintiffs' motion will be decided on the briefs and without oral argument. For the reasons stated below, the Court GRANTS IN PART Plaintiffs' motion.

    **I.**    **Background**

Plaintiffs sued Defendants in state court in 2007 ("the 2007 case"). After protracted litigation, including a trial and an appeal to the Michigan Court of Appeals,

that case culminated in a judgment against Defendant Hampton Ridge Properties, LLC ("Hampton Ridge") and a judgment against Defendant Meathe. On October 2, 2018, Plaintiffs filed a complaint premised entirely on Michigan state law in the Oakland County Circuit Court in an attempt to impose liability on Meathe for the judgment obtained against Hampton Ridge in the 2007 case. On January 11, 2019, Defendants removed the suit to this Court on the basis of diversity jurisdiction. (Dkt. 1.) Defendants initially asserted that Plaintiffs are citizens of Michigan and Defendant Meathe is a citizen of Florida. They argued that the citizenship of Defendant Hampton Ridge, a Michigan limited liability company, did not defeat jurisdiction because Hampton Ridge was fraudulently joined in this case. (*Id.*) The Court issued an order to show cause, ordering both Defendants and Plaintiffs to address the allegations of fraudulent joinder set forth in the Notice of Removal and ordering Defendants to properly allege the citizenship of all parties. (Dkt. 2.)

In their response to the Court's order to show cause, Defendants asserted that because the sole member of Hampton Ridge is co-defendant Meathe, Hampton Ridge is a citizen of Florida. (Dkt. 3.) Thus, they argued that even if there was no fraudulent joinder, there was complete diversity between the parties. Plaintiffs responded by arguing that Hampton Ridge was a proper party in this suit, but even if it was fraudulently joined, diversity was lacking because both Plaintiffs TGINN Jets, LLC ("TGINN") and J.R. Slavik & Associates II are citizens of Florida in addition to being citizens of Michigan and thus there are citizens of Florida on both sides of the dispute. (Dkt. 4.) Plaintiffs asserted that TGINN is a citizen of Florida because either one or both of the defendants are members of TGINN. They also asserted that one of Slavik

& Associates' members, Joseph Ronald Slavik, is a citizen of Florida.  Defendants did not submit a reply responding to Plaintiffs' assertions.

On April 11, 2019, the Court issued an order setting an evidentiary hearing on the issue of whether it had jurisdiction over this case.  (Dkt. 5.)  The Court reasoned that in light of the assertion that Defendant Hampton Ridge has the same citizenship as Defendant Meathe, fraudulent joinder had become a non-issue in this case.  However, the Court did not have before it sufficient evidence to establish the citizenship of Plaintiffs TGINN and Slavik & Associates.  The evidentiary hearing was initially set for April 24, 2019 but was later rescheduled to July 10, 2019.  On the eve of the rescheduled hearing, the parties stipulated to remand to state court.  (Dkt. 7.)

**II.     Legal Standard**

Pursuant to 28 U.S.C. § 1447(c), when an action is remanded to state court, the district court has the discretion to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The Supreme Court has held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.*  This standard "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."  *Id.* at 140.

### III. Analysis

Plaintiffs argue that Defendants' removal was unreasonable for two reasons: 1) Defendants falsely asserted that Hampton Ridge was fraudulently joined; and 2) Defendants knew that some of Plaintiffs were citizens of Florida and thus diversity was lacking.

Because the Court found in its previous order that the issue of fraudulent joinder is a non-issue in this case, (dkt. 5, PgID 101), it similarly does not affect the analysis of whether the removal was objectively reasonable. However, the Court finds that the removal was not objectively reasonable due to Defendants' knowledge of the Florida citizenship of at least one Plaintiff.

Plaintiff Slavik & Associates' purported Florida citizenship is based on the alleged Florida citizenship of its member, Mr. Slavik. Because the parties stipulated to remand prior to the evidentiary hearing, the citizenship of Slavik was never established. And Plaintiffs concede that if the citizenship of Slavik was the sole issue raised by Defendants' removal, no costs or attorney fees would be warranted because a mistake about his citizenship may not be unreasonable.

Plaintiffs argue, however, that Meathe and/or Hampton Ridge are members of Plaintiff TGINN and point to an operating agreement for TGINN signed by Meathe as evidence of this membership. (*See* dkt. 4-5, PgID 81.) Defendants rebut this argument by pointing to a finding by the Michigan Court of Appeals in the 2007 case that Meathe is not a member of TGINN. (*See* dkt. 13-2, PgID 160.) Defendants do not respond, however, in any way to the assertion that Hampton Ridge is a member of TGINN, which renders TGINN a Florida citizen. *See V&M Star, LP v. Centimark Corp.*, 596 F.3d 354,

356 (6th Cir. 2010) (stating that "limited liability companies have the citizenship of each partner or member") (internal quotation marks and citation omitted). The same Michigan Court of Appeals opinion attached to Defendants' response, however, notes that it is an "undisputed fact" that Hampton Ridge is a member of TGINN. (*See* dkt. 13-2, PgID 159.) Defendants did not list Hampton Ridge as a member of TGINN in their response to the Court's order to show cause despite their obvious knowledge of this membership.[1] Nor does their argument that Hampton Ridge was fraudulently joined have any impact on this issue. Even if Hampton Ridge was dismissed from this suit, because it is a member of TGINN, its' citizenship is relevant to the citizenship of TGINN. Thus, the Court finds that Defendants lacked an objectively reasonable basis for removal and an award of attorney fees and costs is appropriate in this case.

Plaintiffs request $7,928.43 in attorney fees and costs. To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the Court to multiple a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). Plaintiffs' counsel has provided an affidavit indicating that the attorney fees requested are based on 22.70 hours of work performed at an hourly rate of $350.00 per hour. (Dkt. 10-1.) Some of the billing entries, however, are vague,[2] and the Court finds the number of hours worked high.

---

[1] Both Defendants and Plaintiffs appear to have taken positions in the current suit as if the 2007 case never took place. Not only did Defendants not acknowledge Hampton Ridge's membership in TGINN, but also Plaintiffs asserted in their response to the Court's order to show cause that Defendant Meathe signed the operating agreement personally despite the Michigan Court of Appeals' finding to the contrary. (*See* dkt. 13-2, PgID 159-60.)

[2] One vague billing entry is from April 19, 2019 for 1.50 hours of "legal research." (Dkt. 10-1, PgID 127.)

Thus, the Court reduces the number of hours worked by 50%. Accordingly, the Court awards Plaintiffs $4,200.93 in attorney fees and costs incurred as a result of Defendants' improper removal.

IV. **Conclusion**

For the foregoing reasons, Plaintiffs' motion for attorney fees and costs is hereby GRANTED IN PART. Plaintiffs are awarded $4,200.93 in attorney fees and costs.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 24, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 24, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager